[No. 3109.]

## J. C. Johnson *v.* The State.

Practice—Statement of Facts.—In this case the trial court of its own motion entered up an order granting ten days after adjournment for the preparation of a statement of facts. Such statement of facts was prepared within the ten days and presented to the judge for his approval. It was, however, disapproved by him, and he prepared no statement himself in lieu thereof. This action of the court is alone relied upon for reversal. *Held*, that, as the appellant was not in default, the error necessitates the reversal of the judgment.

Appeal from the District Court of Hopkins. Tried below before the Hon. G. J. Clark.

The indictment against the appellant was for arson, and charged him with the burning of J. A. Weaver's gin house, in Hopkins county, Texas, on the twenty-fourth day of December, 1883. Trial resulted in conviction, and the punishment was affixed at a term of five years in the penitentiary.

*W. P. Leach,* for the appellant.

---
---

*J. H. Burts,* Assistant Attorney General, for the State.

HURT, JUDGE. The appellant was convicted of arson. An order that the statement of facts be filed in ten days after adjournment was made by the court upon its own motion. Court adjourned on March 29, 1884. A statement of the facts was prepared and presented to the judge for his approval within the ten days, but was disapproved by the judge, and no statement was prepared and approved by him. This is the only ground relied upon for a reversal of the judgment.

There being no fault on the part of the appellant in regard to this matter, the judgment must be reversed. (See this subject discussed in the cases of *Ruston* v. *The State,* 15 Texas Ct. App., 324; and *Ruston* v. *The State,* Id., 336.)

Assuming that which purports to be a statement of facts to be correct, we believe it to be our duty to make these observations:

1. Giving to the evidence of the State full credence, and viewing it in the most favorable light to the prosecution, still we do not think it sufficient to sustain the conviction.

2. Every fact of the slightest materiality criminating the defendant was, we think, satisfactorily explained by his witnesses, and made to harmonize with his innocence.

For the error above indicated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Opinion delivered May 31, 1884.